FILED
SUPERIOR COURT
OF GUAM

2022 JAN -7 PM 2: 02

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ZACHARY TROY AQUINO CRUZ,<br><br>Defendant. | CRIMINAL CASE NO. CF0580-21<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 6, 2022, for hearing on Defendant **ZACHARY TROY AQUINO CRUZ's** ("Defendant") Motion to Release the Defendant on Personal Recognizance. Present remotely via Zoom were Assistant Attorney General Richelle Y. Canto on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Public Defender John P. Morrison. In accordance with its ruling from the bench on January 6, 2022, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On November 22, 2021, Defendant was indicted with the following charges: (1) Terrorizing (As a Third Degree Felony) – 2 Counts, with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Notice: Commission of a Felony While on Felony Release; (2) Family Violence (As a Third Degree Felony) – 2 Counts with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Notice: Commission of a Felony While on Felony Release; and (3) Violation of a Court Order (As a

*People v. Cruz*
Case No. CF0580-21
Decision and Order

Misdemeanor) – 2 Counts. (Indictment, Nov. 22, 2021). These charges stem from allegations that Defendant threatened to bash his father's head in while holding a baseball bat right beside his temple, and that he raised the bat, pointed it at his mother, and told her he was going to hit her. (Decl. of Richelle Y. Canto, Magistrate's Compl., Nov. 13, 2021). Defendant's ten year old son was present during the incident, and grabbed a metal pipe because he was afraid that Defendant was going to hit his grandma and grandpa. *Id.* At the time of this incident, Defendant was on pre-trial release in CF0203-21 and placed on electronic monitoring. *Id.* Defendant also threatened his parents via text message that he was going to "burn the house down" as soon as his electronic monitoring anklet was removed. *Id.* Defendant remains confined at the Department of Corrections pending the posting of $5,000 cash bail. *See* Commitment Order, Nov. 15, 2021.

On December 7, 2021, Defendant filed the instant Motion. On December 15, 2021, the Government filed its Opposition. The Court heard first heard arguments on the Motion on December 30, 2021, and continued to the matter to January 6, 2021. The Court also advised the parties on December 30, 2021 that the matter may be re-assigned in light of the addition of the Family Violence charge in the Indictment.[1]

## DISCUSSION

Defendant moves the Court to release him on personal recognizance. *See generally,* Mot. Release, Dec. 7, 2021.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. §

---

[1] This matter was assigned to this Court on November 16, 2021. (Notice of Judge Assignment, Nov. 16, 2021). When this matter commenced, Defendant was only charged with two counts of Terrorizing (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. (Magistrate's Compl., Nov. 13, 2021). The grand jury subsequently indicted Defendant with additional charges, including the charge of Family Violence (As a Third Degree Felony). (Indictment, Nov. 22, 2021). Defendant's other pre-trial matter, CF0203-21, remains assigned to this Court.

40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)    length of his/her residence on Guam;

    (ii)    his/her employment status and history, and financial condition;

    (iii)    his/her family ties and relationships;

    (iv)    his/her reputation, character and mental and physical condition;

    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)    his/her history relating to drug or alcohol abuse;

    (vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert

technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a life-long resident of Guam and is not a flight risk. (Mot. Release at 1, Dec. 7, 2021). Defendant also sets forth that he cares for his elderly parents who want them back at home, and that no one was physically hurt in this matter. *Id.* Defendant states that he "will not be a danger to the victims or to the community" and that "[h]e will abide by any release conditions imposed." *Id.* At the Motion Hearings, the Government acknowledged that the alleged victims, Defendant's parents, want him to return home. The Government, however, still opposes Defendant's release in light of his criminal history and the allegations forming the basis of this matter.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with the safety of the community, Defendant's ability to exert self-control, and to follow court orders. Defendant is charged with two counts of Terrorizing (As a Third Degree Felony); two counts of Family Violence (As a Third Degree Felony); and two counts of Violation of a Court Order (as a Misdemeanor). Although there is no physical harm alleged, the Court is concerned that

Defendant allegedly utilized a baseball bat in the commission of these offenses, and that his ten-year old son was present and witnessed the threats of the use of the baseball bat against his grandparents. Further, the Court is not convinced at this time that Defendant will follow any and all conditions of release imposed, should he be released on personal recognizance alone. At the time of the alleged offenses in this matter, Defendant was on pre-trial felony release in CF0072-21 and CF0203-21 and on probation in CF0480-16. Lastly, Defendant faces a significant amount of time in jail, should he be convicted of the crimes alleged. For the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Notice: Commission of a Felony While on Felony Release, Defendant faces five (5) to twenty-five (25) years of imprisonment each, consecutive to any mandatory minimums for the underlying felony offenses. *See* 9 G.C.A. §§ 80.37(a)(1); 80.37.1(a)(1).

Thus, upon the Court's review, Defendant's release on personal recognizance alone does not sufficiently allay the Court's concerns regarding the safety of the community and Defendant's ability to follow court orders. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Release the Defendant on Personal Recognizance. The next hearing will be calendared by the newly assigned Family Violence Court judge.

IT IS SO ORDERED, *nunc pro tunc* to January 6, 2022, this ___**JAN 0 7 2022**___.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, PDSC_

Date: _1-7-22_ Time: _1:58pm_

Deputy Clerk, Superior Court of Guam

*People v. Cruz*
Case No. CF0580-21
Decision and Order

Page 5 of 5